**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **DSS Technology** | § | |
| **Management, Inc.** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 6:15-cv-691** |
| **v.** | § | |
| | § | **Jury Trial Demanded** |
| **SK Hynix, Inc.;** | § | |
| **SK Hynix America, Inc.;** | § | |
| **SK Hynix Memory Solutions, Inc.;** | § | |
| **Hynix Semiconductor Manufacturing** | § | |
| **America Inc.** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff DSS Technology Management, Inc., files this Original Complaint for patent infringement under 35 U.S.C. § 271 and alleges as follows:

I. **THE PARTIES**

1.  Plaintiff DSS Technology Management, Inc. (Plaintiff or "DSS") is a corporation that maintains offices in Plano, Texas where it engages in product development and marketing efforts.

2.  Defendant SK Hynix, Inc. ("SK Hynix") is a company organized and existing under the laws of the country of Korea, with its principal place of business and home office at 2091, Gyeongchung-daero, Bubal-eub, Icheon-si, Gyeonggi-do, Korea. SK Hynix is doing business and infringing DSS's patent in the Eastern District of Texas, elsewhere in Texas, and the United States. Hynix may be served through the Texas Secretary of State.

3.  Defendant SK Hynix America, Inc. ("SKHA") is a California corporation, and maintains its principal place of business at 3101 North First Street, San Jose, CA 95134. SKHA

may be served through its registered agent Corporation Service Company d/b/a CSC Lawyers Incorporating Service, located at 2710 Gateway Oaks Drive, Ste. 150N, Sacramento, CA 95833. Upon information and belief, SKHA is a subsidiary of SK Hynix, Inc.

4.      Defendant SK Hynix Memory Solutions, Inc. ("SKHMS"), is a Delaware Corporation with its principal place of business at 3103 North First Street, San Jose, CA 95134. SKHMS can be served with process by serving its registered agent, Corporation Service Company, located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.   Upon information and belief, SKHMS is a subsidiary of SK Hynix, Inc.

5.      Hynix Semiconductor Manufacturing America, Inc., ("HSMA") is a corporation organized and existing under the laws of the state of California, and maintains its principal place of business at 3101 North First Street. San Jose, CA 95134.  HSMA may be served with process through its registered agent Corporation Service Company d/b/a CSC Lawyers Incorporating Service, located at 2710 Gateway Oaks Drive, Ste. 150N, Sacramento, CA 95833. Upon information and belief, HSMA is a wholly owned subsidiary of SK Hynix, Inc.

6.      Defendants, SK Hynix, SKHA, SKHMS, and HSMA are collectively referred to as "SK Hynix."

II.     **JURISDICTION AND VENUE**

7.      This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue is proper in the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. §1391 and 28 U.S.C. § 1400(b).  Furthermore, venue is proper because Defendants conducts business within this District and/or solicit and establish relationships with entities

Original Complaint for Patent Infringement

within this District, which include the making, importation, sell, and/or offering for sale of Infringing Products as discussed below.  Each act of Defendants' directly or indirectly infringing conduct in this District gives rise to proper venue.

9.     This Court has personal jurisdiction over Defendants.  Defendants have conducted and do conduct business within the State of Texas.   Defendants, directly or through intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, and advertise products containing semiconductors that infringe the patent claims involved in this action.  Such conduct occurs in the United States, the State of Texas, and the Eastern District of Texas.  Defendants have purposefully and voluntarily placed one or more of their semiconductor products into the stream of commerce with the expectation that it will be purchased by consumers in the United States, the State of Texas, and the Eastern District of Texas.   The Infringing Products have been and continue to be imported into and purchased by consumers in the Eastern District of Texas.  Defendants have committed the tort of patent infringement within the United States, the State of Texas and, more particularly, within the Eastern District of Texas.

10.     Defendants conduct business and have committed acts of patent infringement and/or have induced acts of patent infringement by others in this district, the State of Texas, and elsewhere in the United States.  Upon information and belief, Defendants maintain offices in Texas, in at least Austin and Dallas, where Defendants develop, distribute, and market the Infringing Products.

11.     DSS maintains offices in the Eastern District of Texas, where employees are engaged in marketing and engineering efforts directed toward developing products based on intellectual property, including but not limited, that at issue in this case.

Original Complaint for Patent Infringement

III.  **GENERAL ALLEGATIONS**

12.    On August 31, 2004, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,784,552 ("the '552 Patent"), titled "Structure Having Reduced Lateral Plug Erosion," to James E. Nulty and Christopher J. Petti.  A true and correct copy of the '552 Patent is attached hereto as Exhibit A.

13.    Plaintiff is the owner by assignment of the '552 Patent and owns all rights, title, and interest in and to the '552 Patent, including all rights to sue and recover for past and future infringement.

14.    Unless enjoined by this Court, SK Hynix will continue to infringe the '552 Patent.

IV.  **SK HYNIX'S INFRINGEMENT OF THE '552 PATENT**

15.    Defendants have infringed and continue to infringe, directly, and/or through the inducement of others, the claimed apparatus of the '552 Patent by making, using, importing, exporting, selling, and/or offering for sale the Infringing Products.

16.    Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are, therefore, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

17.    Defendants, directly or through intermediaries, are liable for infringing one or more claims of the '552 Patent.

18.    Defendants have failed to obtain permission from DSS to make, use, offer to sell, sell, or import products embodying the claims in the '552 Patent.

19.    SK Hynix has been and is now directly infringing the '552 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing

Products, or consumer products that contain Infringing Products, that structurally embody one or more claims of the '552 Patent.  SK Hynix also has been and now is inducing others, such as manufacturers and/or retailers of products incorporating SK Hynix's infringing semiconductors, to directly infringe one or more claims of the '552 Patent by using, selling, offering for sale, and/or importing products made by processes embodied in, or that otherwise embody, one or more claims of the '552 Patent.

20.     SK Hynix directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '552 Patent by making, using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products.  By way of example only, SK Hynix has directly infringed and continues to infringe, in addition to other claims, at least claim 1 of the '552 Patent by making, using, selling, and/or offering to sell in the United States, without DSS's authority, DRAM products, such as the H9TKNNNBPDAR-ARNGH, all made via a 26 nanometer process (the "Infringing Products").  SK Hynix's infringing activities include importing, offering for sale, and/or selling the Infringing Products in the United States.  SK Hynix also infringes the '552 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers.  SK Hynix's infringement of the '552 Patent has caused substantial damage to DSS.  SK Hynix's infringing activities violate at least 35 U.S.C. § 271(a).

21.     SK Hynix directly or through intermediaries has and continues to induce infringement (literally and/or under the doctrine of equivalents) of one or more claims of the '552 Patent.  SK Hynix's deliberate actions include, but are not limited to, actively marketing to,

encouraging use by, and instructing consumers, businesses, distributors, resellers, sales representatives, to use, promote, market, distribute, and/or sell the Infringing Products.  Plaintiff contends that SK Hynix aided, instructed, or otherwise acted with the intent to cause acts by consumers, businesses, distributors, resellers, and sales representatives that would result in direct infringement of the '552 Patent.  At least as to the time of this filing, SK Hynix knew of the '552 Patent, and SK Hynix knows, or at least should know, that SK Hynix's actions would result in infringement of the '552 Patent.  By way of example only, SK Hynix has induced infringement and continues to induce infringement of, in addition to other claims of, at least claim 1 of the '552 Patent by making, using, selling, and/or offering to sell in the United States, without DSS's authority, DRAM products, such as the H9TKNNNBPDAR-ARNGH, all made via a 26 nanometer process.  These actions, individually and collectively, have induced and continue to induce the direct infringement of the '552 Patent by consumers, businesses, distributors, resellers, and sales representatives.  SK Hynix's infringing activities violate 35 U.S.C. § 271(b).

22.     SK Hynix, unless restrained and enjoined, will continue to cause, irreparable injury and damages to Plaintiff for which there is no adequate remedy at law.  Unless enjoined by this Court, SK Hynix will continue to infringe the '552 Patent.

## V.     DEMAND FOR A JURY TRIAL

23.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable of right by a jury.

## VI.    PRAYER FOR RELIEF

24.     WHEREFORE, Plaintiff requests the following relief:

25.     A judgment that Defendants have directly infringed the patent-in-suit and/or induced the infringement of the patent-in-suit;

26.     A preliminary and permanent injunction preventing Defendants and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, and/or inducing the infringement of the patent-in-suit;

27.     A ruling that this case be found to be exceptional under 35 U.S.C. § 285, and a judgment awarding to Plaintiff its attorneys' fees incurred in prosecuting this action;

28.     A judgment and order requiring Defendants to pay Plaintiff damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and enhanced damages for willful infringement as provided by 35 U.S.C. § 284;

29.      A judgment and order requiring Defendants to pay Plaintiff the costs of this action (including all disbursements);

30.     A judgment and order requiring Defendants to pay Plaintiff's pre-judgment and post-judgment interest on the damages award;

31.     A judgment and order requiring that in the event a permanent injunction preventing future acts of infringement is not granted, that Plaintiff be awarded a compulsory ongoing licensing fee; and

32.     Such other and further relief as the Court may deem just and proper.

Dated: July 16, 2015

Original Complaint for Patent Infringement

Respectfully submitted,

By:

**Derek Gilliland**
Texas State Bar No. 24007239
Attorney in Charge

**Edward Chin**
Texas State Bar No.  50511688
**Christian J. Hurt**
State Bar no. 24084364
**Kirk Voss**
Texas State Bar No.  24075229
**Robert Winn Cutler**
State Bar No. 24084364
**Ross Leonoudakis**
State Bar No. 24087915
**Nix Patterson & Roach, L.L.P.**
5215 N.  O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
edchin@me.com
christianhurt@nixlawfirm.com
kirkvoss@me.com
winncutler@nixlawfirm.com
rossl@nixlawfirm.com

**William E.  "Bo" Davis, III**
Texas State Bar No.  24047416
THE DAVIS FIRM, PC
222 N.  Fredonia St.
Longview, Texas 75601
Telephone: 903-230-9090
Telecopier: 903-230-9661
Email: bdavis@bdavisfirm.com

**ATTORNEYS FOR PLAINTIFF DSS
TECHNOLOGY MANAGEMENT INC.**